```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
GLADYS BRADLEY and FRANK                                    11 cv 2109
ELDRIDGE,                                                   Berman, Judge

                                  Plaintiffs,               COMPLAINT

         -against-
                                                            JURY TRIAL DEMANDED

NEW YORK CITY and UNIDENTIFIED POLICE
OFFICERS,


                                  Defendant(s).
-------------------------------------------------------X
```

The plaintiffs, complaining of the defendants, by their attorney, FRED LICHTMACHER, ESQ., respectfully show to this Court and allege:

## JURISDICTION

1 Jurisdiction is founded upon the existence of a Federal Question.

2 This is an action to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of rights, privileges, and immunities secured to plaintiffs by the Fourth and Fourteenth Amendments to the Constitution of the United States pursuant to 42 U.S.C. § 1983.

3 Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343(3 & 4).

4 Venue is appropriate pursuant to 28 U.S.C. §§ 1391 (b) (1 & 2).

## PARTIES

5 The plaintiffs, GLADYS BRADLEY and FRANK ELDRIDGE, are residents of Kings County in the City and State of New York.

6 Upon information and belief, that at all times hereinafter mentioned, the defendant, CITY OF NEW YORK, (NYC) was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and that at all times relevant defendants UNIDENTIFIED POLICE OFFICERS were acting for, upon, and in furtherance of the business

of their employer and within the scope of their employment.

7       Upon information and belief, that at all times hereinafter mentioned, defendants UNIDENTIFIED POLICE OFFICERS were employed by the defendant, NYC, as a member of its police department.

8       Upon information and belief, that at all times hereinafter mentioned, the defendant, NYC, its agents, servants and employees operated, maintained and controlled the NEW YORK CITY POLICE DEPARTMENT (NYPD), including all the police officers thereof.

9       The NYPD, is a local governmental agency, duly formed and operating under and by virtue of the Laws and Constitution of the State of New York and the commissioner of the NYPD is responsible for the policies, practices and customs of the NYPD as well as the hiring, screening, training, supervising, controlling and disciplining of its police officers and civilian employees and is the final decision maker for that agency.

10      This action arises under the United States Constitution, particularly under the provisions of the Fourth and Fourteenth Amendments of the Constitution of the United States, and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983 as well as pursuant to the laws of the State of New York.

11      Each and all of the acts of the defendants alleged herein were done by the defendants, acting as state actors, acting under the color of law.

12      The federal claims are brought in a timely manner within three years of the date they accrued.

**STATEMENT OF FACTS**

13      On July 1, 2008, at approximately 4:30 p.m., plaintiffs were lawfully inside their residence at 70 Moffat Street in the County of Kings, City and State of New York.

14      At the aforementioned time, date and place, approximately six (6) unidentified New York City Police Officers from the Brooklyn Narcotic Task Force (defendants UNIDENTIFIED POLICE OFFICERS, hereinafter, the defendants) forcefully entered the residence by breaking the locks on

the doors of the residence.

15    The defendants forcefully gained entry into the apartment with their service weapons drawn and searched and ransacked the residence.

16    Plaintiffs were then placed in handcuffs and arrested without explanation and without probable cause to believe they had committed or were about to commit crimes and they were taken to the precinct where they were detained for approximately four hours.

17    After four hours in the precinct, plaintiffs were brought to Central Booking and arraigned on July 2, 2008.

18    At arraignment, plaintiff FRANK ELDRIDGE was charged with Criminal Possession of a Controlled Substance in the Seventh Degree (Penal Law §220.03) and released on his own recognizance, although the police never found drugs on his person or in the residence.

19    At arraignment, plaintiff GLADYS BRADLEY was charged with Criminal Sale of a Controlled Substance in the Third Degree (Penal Law §220.39), Criminal Possession of a Controlled Substance in the Third Degree (Penal Law §220.16) and Criminal Possession of a Controlled Substance in the Seventh Degree (Penal Law §220.03), although the police never found drugs on her person or in her residence and she had not committed the crimes she was accused of or any other crime.

20    Plaintiff GLADYS BRADLEY was sent to Rikers Island after her arraignment where she remained in custody for the following five days.

21    Bradley was forced to make several court appearances before her case was finally dismissed and sealed on January 1, 2009.

22    Plaintiff FRANK ELDRIDGE was forced to appear in his criminal action between ten and fifteen times until the action was adjourned in contemplation of dismissal on July 28, 2010 - over two years after the initial arrest.

**AS AND FOR A FIRST CAUSE OF ACTION
ON BEHALF OF PLAINTIFFS
VIOLATION OF THE PLAINTIFFS' RIGHTS PURSUANT TO
42 U.S.C. § 1983 AND THE FOURTH AMENDMENT
via FALSE ARREST**

23   Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

24   The plaintiffs' rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, in that plaintiffs were subjected to a false arrest by the defendants.

25   The defendants confined the plaintiffs, in that plaintiffs were not free to leave, defendants intended to confine plaintiffs, plaintiffs were conscious of confinement, plaintiffs did not consent to confinement and confinement was not otherwise privileged.

26   As a direct result of defendants' actions, plaintiffs were deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments of the United States Constitution being more particularly plaintiffs' right to be free from arrest without probable cause.

27   The said false arrest was caused by the defendants, without any legal justification, without authority of the law and without any reasonable cause or belief that the plaintiffs were in fact guilty of crimes and without any other legal justification.

28   By reason of the unlawful false arrests, the plaintiffs were subjected to great indignities, humiliation, anxiety, embarrassment, defamation in their community, they were prevented from conducting their normal affairs of business, their personal lives were interfered with, they were forced to appear in court and they were subjected to numerous other harms.

29   By reason of the aforesaid, the plaintiffs have been damaged in a sum to be determined at trial, they are entitled to awards of punitive damages and attorneys' fees are appropriate pursuant to 42 U.S.C. § 1988.

**AS AND FOR A SECOND CAUSE OF ACTION**

**ON BEHALF OF PLAINTIFF GLADYS BRADLEY**
**VIOLATION OF THE PLAINTIFFS' RIGHTS PURSUANT TO**
**42 U.S.C. § 1983 AND THE FOURTH AMENDMENT**
**via MALICIOUS PROSECUTION**

30    Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

31    Plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution pursuant to 42 U.S.C.§1983, in that Plaintiff GLADYS BRADLEY was maliciously prosecuted by the Defendants.

32    The malicious prosecution was commenced and caused to continue by the defendants, their agents, servants and employees, without any legal justification and without probable cause, the action was commenced and continued intentionally and with malice and deliberate indifference to plaintiff's rights and the proceedings terminated in favor of plaintiff via a dismissal of all charges.

33    By reason of the unlawful malicious prosecution, BRADLEY was subjected to pecuniary harms, great indignities, humiliation, anxiety, she was forced to spend time in jail as well as being forced to make numerous court appearances, she was defamed in her community and she was subjected to numerous other harms.

34    Defendants who knew of the commencement and continuation of the malicious prosecution of BRADLEY are liable to plaintiff via their failure to exercise their affirmative duty to intervene.

35    By reason of the aforesaid, plaintiff has been damaged in a sum to be determined at trial, she is entitled to an award of punitive damages and attorneys' fees are appropriate pursuant to 42 U.S.C. § 1988.

**AS AND FOR A THIRD CAUSE OF ACTION
ON BEHALF OF PLAINTIFFS
VIOLATION OF THE PLAINTIFFS' RIGHTS PURSUANT TO
42 U.S.C. § 1983 AND THE FOURTH AMENDMENT VIA
ILLEGAL AND UNREASONABLY CONDUCTED SEARCH & SEIZURE**

36   Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

37   The plaintiffs' rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, in that plaintiffs' residence was entered and searched without probable cause and in that the search was conducted unreasonably resulting in unnecessarily damaged and destroyed property.

38   The said illegal and unreasonably conducted search of The Apartment was effected by defendants, without authority of law or any legal necessity and that the search was conducted unreasonably, without legal justification, without plaintiffs' consent, with malice and with reckless disregard for the damage to plaintiffs' property and belongings defendants were causing.

39   As a direct result of defendants' actions, plaintiffs were deprived of rights, privileges and immunities under the Fourth Amendment of the United States Constitution being more particularly plaintiffs' right to be free from unwarranted and unreasonably conducted searches.

40   By reason of the illegal search, the plaintiffs were harmed in that plaintiffs were subjected to humiliation, embarrassment, anxiety, their property was damaged and they were otherwise harmed.

41   By reason of the aforesaid, the plaintiffs have been damaged in a sum to be determined at trial, they are entitled to an award of punitive damages and attorneys' fees are appropriate pursuant to 42 U.S.C. § 1988.

**AS AND FOR A FOURTH CAUSE OF ACTION
ON BEHALF OF PLAINTIFFS
VIOLATION OF PLAINTIFFS' FOURTH AMENDMENT RIGHTS
BY THE CITY OF NEW YORK i.e.,
MONELL CLAIM**

42      Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

43      The plaintiffs' rights have been violated under the Fourth Amendment to the United States Constitution as made applicable to the states via the Fourteenth Amendment by the defendant, NYC.

44      Defendants NYC as well as unidentified police officers who were supervisors and final decision makers as a matter of policy and practice, have with deliberate indifference failed to properly train, discipline, sanction and retrain police officers, despite their knowledge of the recurring problem of violations of the Constitutional rights of citizens by matters overtly similar to the instant matter, in spite of repeated complaints of similar behavior, and that there has been no meaningful attempt on the part of NYC to investigate or forestall further incidents.

45      The defendant NYC intentionally operates an ineffective Civilian Complaint Review Board, which operates for the purpose of wrongfully exonerating and failing to substantiate legitimate claims against officers.

46      The defendant NYC intentionally operates an ineffective Internal Affairs Department of the City's police department, which operates for the purpose of wrongfully exonerating and failing to substantiate legitimate claims against officers.

47      As a result of NYC's deliberate indifference to the ineffectiveness of the CCRB and IAB, the defendants in the instant case felt free to, and did in fact, violate the plaintiffs' rights.

48      It is the routine practice of NYPD officers to enter the homes of minorities with less than probable cause.

49      It is the routine practice of NYPD officers to arrest minorities with less than probable cause.

50      It is the routine practice of NYPD officers to destroy property unnecessarily when unreasonably conducting searches on the premises of minority dwellings.

51      Despite the ongoing practice of members of the NYPD delineated above, the NYPD has remained deliberately indifferent to said problems and in so doing encouraged, condoned and

turned a blind eye which allows its officers to persist in this form of illegal, unconstitutional behavior.

52      By reason of the aforementioned violations of plaintiffs' constitutional rights, the plaintiffs were subjected to great indignities, humiliation, embarrassment, anxiety, they were prevented from conducting their normal affairs of business and they were subjected to numerous other harms.

53      By reason of the aforesaid, the plaintiffs have been damaged in a sum to be determined at trial and they are entitled to an award of reasonable attorneys' fees pursuant to 42 U.S.C. §1988.

**WHEREFORE**, plaintiffs demand judgment against the defendants in compensatory damages in sums to be determined at trial on all causes of action and in punitive damages for plaintiffs' First through Thirds causes of action along with reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 on all plaintiffs' federal causes of action together with costs and disbursements of this action; a trial by jury of all issues involved in this complaint; and such other and further relief as this Court may deem just and proper under the circumstances.

Dated: March 26, 2011
       New York, New York

                            / s /
                     FRED LICHTMACHER (FL-5341)
                     Attorney for plaintiffs
                     The Empire State Building
                     350 5th Avenue Suite 7116
                     New York, New York 10118
                     (212) 922-9066

To:   Michael Cardozo
      Corporation Counsel City of New York
      100 Church Street
      New York, New York 10007